UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BATTLE BORN MUNITIONS, INC., | Case No. 3:19-cv-00561-MMD-CLB |
| Plaintiff, | ORDER |
| v. | |
| DICK'S SPORTING GOODS, INC., | |
| Defendant. | |

## I.   SUMMARY

Plaintiff Battle Born Munitions, Inc. sought to represent a putative class of vendors of Defendant Dick's Sporting Goods, alleging violations of Nevada's Deceptive Trade Practices Act, NRS § 598.0903 to 598.0999, and fraud in the inducement, in a commercial dispute arising from Defendant's alleged late payments for large shipments of bullets. (ECF No. 1.) As this case followed—and appeared calculated to avoid certain rulings in—a nearly-identical case Plaintiff filed against Defendant in federal court in Pennsylvania, the Court dismissed Plaintiff's case in its entirety under the doctrine prohibiting claim splitting ("Dismissal Order"). (ECF No. 61.) Before the Court is Defendant's motion for attorneys' fees, essentially as a sanction for Plaintiff's decision to file this case (the "Motion").[1] (ECF No. 64.) Because the Court lacks evidence to make the specific finding of bad faith or recklessness required to award Defendant its fees as a sanction, the Court cannot find Plaintiff multiplied these proceedings, and as further explained below, the Court will deny the Motion.

///

///

---

[1] Plaintiff filed a response (ECF No. 68), and Defendant replied (ECF No. 70).

## II. BACKGROUND

The Court incorporates by reference its description of Plaintiff's allegations and the procedural history of this case until the time the Court issued the Dismissal Order recited in the Dismissal Order, and does not repeat that description. (ECF No. 61 at 1-6.) As relevant to this order, the Court directed entry of judgment and the closure of this case in the Dismissal Order. (*Id.*; *see* also ECF No. 62 (Judgment).) Plaintiff appealed the Dismissal Order, but the Ninth Circuit Court of Appeals dismissed the appeal at Plaintiff's request. (ECF Nos. 65, 78, 79.) Defendant filed a bill of costs, but later withdrew it. (ECF Nos. 63, 71.) Thus, the Motion is the only matter remaining for resolution in this otherwise closed case.

## III. LEGAL STANDARD

"[T]he general rule in the United States" is that "litigants must pay their own attorney's fees." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 415 (1978) (citation omitted). In diversity cases like this one (*see* ECF No. 1 at 2-3), state law governs the question of attorneys' fees. *See, e.g.*, *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000). Under Nevada law, a "district court is not permitted to award attorney[s'] fees or costs unless authorized to do so by a statute, rule or contract." *U.S. Design & Constr. v. I.B.E.W. Local 357*, 50 P.3d 170, 173 (Nev. 2002).

That said, the Court may exercise its inherent power to sanction by awarding attorneys' fees where it finds conduct that abuses the judicial process, or that a party has acted recklessly, or in bad faith. *See, e.g.*, *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991) ("A primary aspect of that discretion is the ability to fashion an appropriate sanction for conduct which abuses the judicial process . . . a court may assess attorney[s'] fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.") (internal quotations and citations omitted); *Barber v. Miller*, 146 F.3d 707, 711 (9th Cir. 1998) (holding that "[a]n award of sanctions under . . . the court's inherent authority requires a finding of recklessness or bad faith") (citation omitted). Further, the Court may award fees under 28 U.S.C. § 1927 where "[a]ny attorney . . . multiplies the proceedings

in any case unreasonably and vexatiously[.]" *See* 28 U.S.C. § 1927. Section 1927 requires the attorney to personally pay the excess fees and costs incurred as a result of the vexatious multiplication. *See id.*

## IV. DISCUSSION

Defendant argues the Court should award Defendant its attorneys' fees as a sanction for Plaintiff bringing this second case—which the Court found duplicative in the Dismissal Order—under its inherent powers, Section 1927, and either 42 Pa.C.S. § 2503 or NRS § 18.010, depending on which law the Court finds applies.[2] (ECF No. 64 at 1.) Defendant characterizes this case as the "poster child for vexatious and bad faith litigation[.]" (*Id.*) Plaintiff counters the Court should not award Defendant fees because it did not multiply the proceedings (required to award fees as a sanction under Section 1927) and did not act in bad faith (required to award fees under the Court's inherent powers and the state statutes). (ECF No. 68.) The Court agrees with Plaintiff in pertinent part.

That is not to say that the Court condones Plaintiff's decision to file this case. Far from it. As explained in the Dismissal Order, this case violated the anti-claim splitting doctrine, and the Court dismissed it accordingly.

But the Court lacks the evidence necessary to make a specific finding of bad faith or recklessness required to impose sanctions under either its inherent authority or the state statutes. *See, e.g.*, *Barber*, 146 F.3d at 711 (holding that "[a]n award of sanctions under . . . the court's inherent authority requires a finding of recklessness or bad faith"); *see also Semenza v. Caughlin Crafted Homes*, 901 P.2d 684, 687 (Nev. 1995) (stating that a court's decision to award fees under the Nevada statute Defendant relies on is discretionary, but "there must be evidence in the record supporting the proposition that the complaint was brought without reasonable grounds or to harass the other party.") (citation omitted); *Thunberg v. Strause*, 682 A.2d 295, 299 (Pa. 1996) ("The statutory provision at

---

[2]Whether Pennsylvania or Nevada law governs the relationship between the parties is of no import to the Court's ruling because the question of whether to award fees under either statute turns on a finding of bad faith.

3

42 Pa.C.S. § 2503(9) expressly permits a trial court to award reasonable counsel fees to a litigant when, inter alia, that litigant's opponent initiated the action arbitrarily, vexatiously or in bad faith.") (citation omitted).

The Court declines to award fees as a sanction here because it is equally possible that Plaintiff's decision to file this case was informed by its counsel's incompetence as it was by reckless or knowing bad faith on Plaintiff's counsel's part. Indeed, the pointed language included in the Dismissal Order that Defendant features in its Motion was meant to highlight the extreme substantive weakness of Plaintiff's arguments opposing dismissal. But Defendant does not point in its Motion to—and the Court is unaware of any—specific evidence that Plaintiff brought this case in bad faith. Plaintiff also doubles down on the arguments it made in opposition to Defendant's summary judgment motion in opposition to the Motion, further supporting a finding of misguided but good faith as to Plaintiff's decision to file this case. (ECF No. 68 at 3-4.) And the Court cannot, as Defendant seems to argue in its Motion, infer this case was brought in bad faith simply because Plaintiff's arguments were so weak. The Court therefore declines to award Defendant its fees as a sanction under its inherent powers or the state statutes Defendant relies on in its Motion.

The same goes for Defendant's request for fees under Section 1927—which would require a finding of bad faith the Court lacks the evidence to make. *See Blixseth v. Yellowstone Mountain Club, LLC*, 796 F.3d 1004, 1007 (9th Cir. 2015) ("Sanctions pursuant to section 1927 must be supported by a finding of subjective bad faith.") (citation omitted). Moreover, Plaintiff appears correct that the Court cannot award Defendant its fees as a sanction under Section 1927 in this case because it cannot find Plaintiff multiplied these proceedings simply by filing this case. (ECF No. 68 at 2-3.) *See also In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 435 (9th Cir. 1996) ("The filing of a complaint . . . may not be sanctioned pursuant to § 1927."); *see also Schmitzer v. Cty. of Riverside*, 26 F. App'x 701, 703 (9th Cir. 2002) (rejecting the defendant's argument that the plaintiff's "claims were so meritless that the summary judgment process alone constituted an unnecessary multiplication of the proceedings."). Plaintiff filed this case, and then

4

responded to motions Defendant filed, in part by filing a motion to seal, a motion for leave to conduct jurisdictional discovery, and a motion for leave to file a supplement to a prior opposition. (ECF Nos. 1, 16, 17, 21, 22, 51, 56, 57.) Contrary to Defendant's argument in its reply (ECF No. 70 at 4-5), the motions Plaintiff filed are more fairly characterized as responsive to motions filed by Defendant, so the Court is unconvinced Plaintiff multiplied these proceedings as required to sanction Plaintiff under Section 1927.

In sum, the Court declines to exercise its discretion to award Defendant its fees as a sanction in this case. To reiterate, "the general rule in the United States" is that "litigants must pay their own attorney's fees." *Christiansburg*, 434 U.S. at 415. The Court will not depart from applying this general rule here.

**V.     CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion before the Court.

It is therefore ordered that Defendant's motion for attorneys' fees (ECF No. 64) is denied.

DATED THIS 5th Day of January 2021.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE